TOWN OF CHARLESTON
*v..*
WILLIAM E. McCRORY.

1. LISTING PROPERTY FOR TAXATION. Sections six and seven of the revenue law of 1853, require persons listing personal property for taxation, to make, sign and deliver to the assessor a statement of their property subject to taxation.

2. SAME. The thirty-fifth section of the same act requires the assessor to return these lists to the county clerk, who is required to carefully file and preserve them for one year.

3. TOWN CLERK. The town clerk has no right to receive or file such statements. If the town assessor returned them to the town clerk it was without authority, and by such an act, liability would not be imposed upon the town. Even if the town authorities required it to be done, it would have been in violation of law, and would have created no liability on the town. The town clerk had no right to recover for filing these lists.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. CHARLES H. CONSTABLE, Judge, presiding.

This action was instituted before a justice of the peace, by defendant in error against plaintiff in error, for $61.20, which the former claimed was due him, as clerk of said town of Charleston, for filing in his office, as such clerk, 612 lists of personal property, etc., made out by persons of said town, liable to taxation, in conformity to an act entitled "An Act for the assessment of property and collection of taxes in counties adopting the township organization law," passed by the General Assembly of 1853. Judgment was rendered against the defendant in error for costs, and an appeal taken to the Circuit Court, where the judgment of the justice was reversed, and a judgment rendered against the plaintiff in error for $61.20, to reverse which judgment this writ of error is prosecuted.

Defendant below assigns for error, that the judgment is contrary to the law and evidence.

Messrs. WILEY & PARKER, for the Plaintiff in Error.

The lists in question are such as are required to be filled out

by property-holders, in compliance with sections six and seven of the law above referred to. (See Session Laws 1853, p. 7; also, see section 27, same act.)

By section thirty-five of said act, each town assessor is required to deliver these lists to the county clerk, at the usual time of making his return of taxable property, to wit, on or before the 1st day of July of each year; and said clerk is required to file and preserve them in his office for one year thereafter. (See p. 17, Laws 1853.)

Mr. J. SCHOLFIELD, for the Defendant in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

We are referred to sections six and seven of the act of 1853, and also to the thirty-fifth section of the same law, (Sess. Laws, p. 17), in support of the claim of plaintiff below for compensation. The first two of these sections require each person listing property for taxation to make out, sign and deliver to the assessor a statement of his property subject to taxation. And these sections specify what these lists shall contain. The thirty-fifth section declares, that each assessor shall, at the time he is required to make his return of the taxable property to the county clerk, also deliver to him all the statements of property which he had received from persons required to list the same, arranged in alphabetical order, and the clerk is required to carefully file and preserve the same, for one year thereafter.

From these provisions (and we have been referred to no others, nor are we aware of any, relating to this duty,) we do not perceive that the town clerk is required, nor has he any right, to receive or file such lists. That duty is expressly imposed upon the county clerk. The tax-payers are required to give them to the assessor, and it is made his duty to return them to the clerk of the County Court, and he is required to carefully file and preserve them. If the town assessor returned them to the town clerk, it was, so far as we can see, without legal authority, and he could not, by such an act, impose any

29 — 36 ILL.

liability upon the town, nor could the town clerk, by the unauthorized act of filing them, create such a liability. There is nothing in this record from which it can be inferred that the town authorized or required the assessor to file them with their clerk, and if they had, it would have been in violation of the law. Such a requirement would have been outside of their duty, and would have created no liability on the town. No reason is perceived why defendant in error should have recovered in the court below, and the judgment must therefore be reversed and the cause remanded.

*Judgment reversed.*